(Licking County, O., Common Pleas.)
September, 1896.

WALTER V. SMITH v. NEWARK ICE
CO.

(1). It is not negligence as a matter of law, for a brakeman to get on and off the cars while in motion, as a large part of his work can not be done in any other way.

(2). A person is not required to look out for obstructions unless he is at a known place of danger, such as a railroad crossing.

(3). The defendant company having an ice-house close to a spr-track used for loading ice, put a projection on the building which extended out over the cars. A brakeman who had no knowledge of, and no reason to apprehend such obstruction, while climbing up the moving car to set the brake, was injured thereby. Held, the deceased was not guilty of contributory negligence, and the defendant company was liable for his injury.

---

Motion for a new trial.

WAIGHT, J. (after stating the facts.)

The question is whether, as a matter of law, it is negligence in the plaintiff, an employe engaged in the management of a train, to get on it while in motion. Now that might be material if he was injured in getting on or getting off, but he was not injured in getting on, but after he was on. If he was not injured in getting on, his negligence did not cause the injury; but as a matter of law, is it negligence in an employe engaged in the management of a train to get on it when it is in motion? The court said it was his duty to exercise ordinary care, and defined what ordinary care was. In the shifting of cars and all that sort of thing they could not be expected to bring them to a standstill before their employes would get on for such matters as putting on the brakes or letting them off. Therefore, I do not think the court erred in refusing to give that instruction to the jury, that that was negligence as a matter of law; but, having defined to the jury the care required of him, the jury could determine from the evidence whether the manner in which he got on this train was negligence or not.

The court was asked to say in substance to the jury that it was his duty to look for this obstruction, and if he had looked he could have seen it. I do not understand that it is the duty of a man to be looking out for obstructions, unless he is in a place of known danger. Now, according to this testimony, there was not any reason to apprehend there was danger, and the same rule does not apply as in the case of a railroad crossing. There you are in a place of known danger, and must look and listen for danger. But where they are at work on a sidetrack, a place where they have no reason to expect any trouble or liability of danger, more than the ordinary hazard of the profession, you certainly could not require them to look and listen and go on and perform the duty. I cannot see how a man climbing up on the side or end of a box car can at the same time be watching out for obstructions.

I think the instruction the court gave to the jury as to the duty of exercising reasonable care and prudence there was the sum-total of this plaintiff's obligation. Now, he was injured. Of course, it is a very easy matter to figure out just what he could have done or omitted to do and thus have prevented this injury. I never met a case where shrewd counsel could not suggest a number of different ways of doing the thing or things omitted that would have prevented the injury happening. But if he exercised ordinary care and prudence, and was injured, that is the basis upon which the liability must be determined. Now, the jury having determined that this obstruction was dangerous to persons having a right to be there in the transaction of business, that makes it negligence in these defendants

to put it there; and of course, in answer to this fourth interrogatory they have gone on and made an additional answer that would more properly have been an answer to the fifth interrogatory put in by the court. It is a voluntary or a fuller answer than the mere answer to the interrogatory itself would have required, but it is a proper answer to have been made to the following interrogatory: That the thing, while it was reasonably safe to serve the convenience of the employes of the ice-house, to others having a right to be there, transacting business, to-wit, railroad employes engaged in taking in and setting out cars, it was not reasonable, but a dangerous device.

By Judge Follett: We say no witness testified to it.

The court: Nobody took the witness stand, nor would the court permit anybody to testify that that was a dangerous thing to project out there; but there was certainly testimony that this device projected out over the car, and then it is for the jury to determine whether it was dangerous. The court would get into serious complications if they would permit witnesses to testify to what was dangerous; I would be afraid of running counter to the supreme court if I did that, but there are witnesses who testified to this projection extending out over the car, and then it is the province of the jury to determine whether that is dangerous to persons engaged in the business of taking in and setting out cars there; and that is the extent to which the court would admit proof as to whether it is dangerous or not.

I think this verdict is predicated, so far as the testimony is concerned, upon sufficient testimony to warrant the conclusion of the jury that this party, while he might have been able, if he had been required to look out for these things—might have been able to see it, notwithstanding he was in the shade of the house and climbing up this car, with his back toward the house from which the projection extended; but was under no obligat on to look out for it; to apprehend its existence. He had the right to rely upon its being reasonably safe, and the testimony shows that he had not been engaged in the service of the company until the day after it had been put there; that he had been up there frequently when it was not there, and that he had just gone to work this morning, that he was injured after it was put up, and he had no knowledge of its being there, and due diligence did not require him to look for it, and it struck him and injured him; and, in the court's view, he has a right to recover for it. The motion may be overruled and exceptions taken.